Loan No.: ██████████                                    FHA Case No. ██████████

# PROMISSORY NOTE

February 13th, 2018

541 47th Avenue, Bellwood, Illinois 60104

1. **PARTIES**

    "Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Secretary" or "Lender" means the Secretary of Housing and Urban Development and its successors and assigns.

2. **BORROWER'S PROMISE TO PAY**

    In return for a loan received from Lender, Borrower promises to pay the principal sum of nineteen thousand nine hundred seventy five and 61/100 Dollars (U.S. $ 19,975.61       ), to the order of the Lender.

3. **PROMISE TO PAY SECURED**

    Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

4. **MANNER OF PAYMENT**

    (A) Time

    On September 1st, 2045     or, if earlier, when the first of the following events occurs:

    (i)  Borrower has paid in full all amounts due under the primary Note and related mortgage, deed of trust or similar Security Instruments insured by the Secretary, or

    (ii) The maturity date of the primary Note has been accelerated, or

    (iii) The primary Note and related mortgage, deed of trust or similar Security Instrument are no longer insured by the Secretary.

    (B) Place

    Payment shall be made at the Office of Housing FHA-Comptroller, Director of Mortgage Insurance Accounting and Servicing, 451 Seventh Street, SW, Washington, DC 20410 or any such other place as Lender may designate in writing by notice to Borrower.

5. **BORROWER'S RIGHT TO PREPAY**

    Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

Loan No.: █████

### 6. WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

### 7. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

06/05/18
Date

_Shanetha McDaniel_ (Seal)
Shanetha McDaniel —Borrower

_____
Date

_____(Seal)
—Borrower

_____
Date

_____(Seal)
—Borrower

_____
Date

_____(Seal)
—Borrower

After Recording Return To:
RUTH RUHL, P.C.
Recording Department
12700 Park Central Drive, Suite 850
Dallas, Texas 75251

Prepared By:
RUTH RUHL, P.C.
12700 Park Central Drive, Suite 850
Dallas, Texas 75251

_____[Space Above This Line For Recording Data]_____
Loan No.: ████████                                                      FHA Case No.: ████████

# PARTIAL CLAIM MORTGAGE

THIS SUBORDINATE MORTGAGE ("Security Instrument") is given on     February 13th, 2018     .
The Mortgagor Shanetha McDaniel, single woman, whose address is 541 47th Avenue, Bellwood, Illinois 60104

("Borrower").
This Security Instrument is given to the Secretary of Housing and Urban Development, and whose address is 451
Seventh Street, SW, Washington, DC 20410 ("Lender"). Borrower owes Lender the principal sum of
nineteen thousand nine hundred seventy five and 61/100                                           Dollars
(U.S. $ 19,975.61       ). This debt is evidenced by Borrower's note dated the same date as this Security
Instrument ("Note"), which provides for the full debt, if not paid earlier, due and payable on  September 1st, 2045  .
This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, and all renewals,
extensions and modifications of the Note; (b) the payment of all other sums, advanced under Paragraph 7 to protect
the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this
Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, warrant, grant and convey to
the Lender the following described property located in    Cook                  County, Illinois:

First Lien Mortgage Information: Dated August 26th, 2015 and recorded in Book N/A, Page N/A, Instrument No.
1525442003.

---

ILLINOIS PARTIAL CLAIM MORTGAGE                                                      Page 1 of 4
                                                                                    Rev. 06/15

Loan No.: ███████████

SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.

which has the address of 541 47th Avenue, Bellwood, Illinois 60104

("Property Address");

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

Borrower and Lender covenant and agree as follows:

UNIFORM COVENANTS.

1. **Payment of Principal.** Borrower shall pay when due the principal of the debt evidenced by the Note.

2. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time of payment of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

3. **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the term of this Security Instrument or the Note without that Borrower's consent.

Loan No.: ▮▮▮▮

4. **Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to: **Department of Housing and Urban Development, Attention: Single Family Notes Branch, 451 Seventh Street, SW, Washington, DC 20410 or any address Lender designates** by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

5. **Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

6. **Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

7. **Acceleration; Remedies.** Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument, foreclosure by judicial proceeding and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the non-existence of a default or any other defense of Borrower to acceleration and foreclosure. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 7, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 4 of the Subordinate Note, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. § 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph or Applicable Law.

8. **Release.** Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

9. **Waiver of Homestead.** In accordance with Illinois law, the Borrower hereby releases and waives all rights under and by virtue of the Illinois homestead exemption laws.

Loan No.: ███

**10. Placement of Collateral Protection Insurance.** Unless Borrower provides Lender with evidence of the insurance coverage required by Borrower s agreement with Lender, Lender may purchase insurance at Borrowers expense to protect Lender s interests in Borrower s collateral. This insurance may, but need not, protect Borrowers interests. The coverage that Lender purchases may not pay any claim that Borrower makes or any claim that is made against Borrower in connection with the collateral. Borrower may later cancel any insurance purchased by Lender, but only after providing Lender with evidence that Borrower has obtained insurance as required by Borrower s and Lender's agreement. If Lender purchases insurance for the collateral, Borrower will be responsible for the costs of that insurance, including interest and any other charges Lender may impose in connection with the placement of the insurance, until the effective date of the cancellation or expiration of the insurance. The costs of the insurance may be added to Borrower s total outstanding balance or obligation. The costs of the insurance may be more than the cost of insurance Borrower may be able to obtain on its own.

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

06/05/18 _____  _Shanetha McDaniel_ (Seal)
Date                                Shanetha McDaniel      —Borrower

_____              _____(Seal)
Date                                                       —Borrower

_____              _____(Seal)
Date                                                       —Borrower

_____              _____(Seal)
Date                                                       —Borrower

[Space Below This Line For Acknowledgment]

State of _Illinois_ §
§
County of _Cook_ §

The foregoing instrument was acknowledged before me this _June 05_, _2018_, [date] by Shanetha McDaniel

[name of person acknowledged].

(Seal) "OFFICIAL SEAL"
ROSEMARY F CONWAY
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires 05/05/2022

_Rosemary F. Conway_
                                    Notary Signature
Printed Name _Rosemary F. Conway_
Notary Public, State of _Illinois_
My Commission Expires: _05/05/2022_

ILLINOIS PARTIAL CLAIM MORTGAGE                 Page 4 of 4
                                                Rev. 06/15

Loan No.: 

# NOTICE OF NO ORAL AGREEMENTS

THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.

THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

**Receipt of Notice:** The undersigned hereby represents and warrants that I/we have each received and read a copy of this Notice on or before the execution of the "Loan Agreement." "Loan Agreement" means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods, or any other thing of value or to otherwise extend credit or make a financial accommodation.

_____ /s/ Shanetha McDaniel _____
Shanetha McDaniel                        -Borrower                                                          -Borrower


_____                          _____
                                         -Borrower                                                          -Borrower

NOTICE OF NO ORAL AGREEMENTS (MULTISTATE)                                              Page 1 of 1

Loan No. 

# CORRECTION AGREEMENT

**Borrower(s):** Shanetha McDaniel

**Property:** 541 47th Avenue, Bellwood, Illinois 60104

Words used in this Agreement are defined below. Words in the singular mean and include the plural and vice versa.

"Borrower" is Shanetha McDaniel .

"Lender" is Secretary of Housing and Urban Development
, and its successors or assigns.
"Loan" means the debt evidenced by the Note and all sums due under the Subordinate Security Instrument.
"Note" means the promissory note(s) signed by Borrower in favor Lender or any assignee of Lender.
"Security Instrument" means the Subordinate Deed of Trust/Mortgage/Security Deed, signed by Borrower in favor of Lender, securing payment of the Note.

AGREEMENT TO CORRECT OR PROVIDE ADDITIONAL DOCUMENTATION OR FEES: In consideration of the HUD Partial Claim offered by Lender in the amount of $19,975.61 and regardless of the reason for any loss, misplacement, omission, misstatement or inaccuracy in any Loan documentation, Borrower agrees as follows: If any document is lost, misplaced, omitted, misstated or inaccurately reflects the true and correct terms and conditions of the Loan, upon request of Lender (including any assignee of Lender), Borrower will comply with Lender's request to execute, acknowledge, initial and/or deliver to Lender any documentation Lender deems necessary to replace and/or correct the lost, misplaced, omitted, misstated or inaccurate document(s). All documents Lender requests of Borrower shall be referred to as "Requested Documents." Borrower agrees to deliver the Requested Documents within ten (10) days after receipt by Borrower of a written request for such replacement. Borrower does hereby agree and covenant in order to assure that the Loan documentation executed this date will enable Lender, or any other investor, to enforce its rights under the Loan documents.

REQUEST BY LENDER: Any request under this Agreement may be made by the Lender (including assignees and persons acting on behalf of the Lender) and shall be prima facie evidence of the necessity for same. A written statement addressed to Borrower at the address in the Loan documents shall be considered conclusive evidence of the necessity for Requested Documents.

BORROWER LIABILITY: If Borrower fails or refuses to execute, acknowledge, initial or deliver the Requested Documents to Lender within ten (10) days after being requested to do so by Lender, Borrower understands that Lender is relying on the representations contained herein and agrees to be liable for any and all loss or damage which Lender reasonably sustains thereby including, but not limited to, all reasonable attorneys' fees and costs incurred by Lender.

This Agreement shall inure to the benefit of Lender's successors and assigns and be binding upon the heirs, devises, personal representatives, successors and assigns of Borrower.

ACKNOWLEDGMENT OF RECEIPT

I hereby acknowledge receipt of this Correction Agreement and further acknowledge that I understand its provisions. Words used in this Correction Agreement mean and include the plural and vice versa.

_Shanetha McDaniel 06/05/18_
Shanetha McDaniel            -Borrower (Date)                                                -Borrower (Date)


_____                    _____
                 -Borrower (Date)                                                -Borrower (Date)

Loan No. ███

# ATTORNEY SELECTION NOTICE

By signing below, it is understood and agreed that you may hire a lawyer or attorney to advise you regarding this transaction and its consequences.

SELLER:                                                         BORROWER:

_N/A Modification_____          _Shanetha McDaniel  06/05/18_
                              (Date)             Shanetha McDaniel                (Date)

_N/A Modification_____          _____
                              (Date)                                              (Date)

_____              _____
                              (Date)                                              (Date)

_____              _____
                              (Date)                                              (Date)

ATTORNEY SELECTION NOTICE -MULTISTATE                                     Page 1 of 1